1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAROB M&C INVESTORS, LLC, | Case No. 5:14-cv-04291-PSG |
| Plaintiff, | **ORDER GRANTING-IN-PART MOTION TO DISMISS** |
| v. | **(Re: Docket No. 36)** |
| WILLIAM A. HERBERT, AS TRUSTEE OF THE HERBERT FAMILY LIVING TRUST, et al., | |
| Defendants. | |

The Herbert Family Living Trust ("Herbert Trust") leases property to Defendant Boowhan Corporation dba Norge Village ("Norge Village"), which owns and operates a dry cleaning business.[1]  Plaintiff Tarob M&C Investors, LLC ("Tarob") owns a neighboring property and brings several claims under federal and state law against William A. Herbert, a trustee of the Herbert Trust, and Norge Village for alleged releases of hazardous substances from the dry cleaning business that have affected Tarob's property.[2]  Because the first amended complaint does not

---

[1] *See* Docket No. 36 at 1.

[2] *See* Docket No. 26.

1

United States District Court
For the Northern District of California

1    properly allege claims against Herbert in his capacity as trustee, Tarob's claims against him are

2    DISMISSED with leave to amend, with the exceptions of Claims Six and Seven, which are

3    DISMISSED with prejudice.  Because Tarob makes sufficient allegations against Norge Village to

4    support its claims under the Comprehensive Environmental Response, Compensation, and Liability

5    Act and the California Hazardous Substance Account Act, Defendants' motion to dismiss is

6    DENIED with respect to Norge Village as to Claims One, Two, and Eight.  Because Tarob's

7    trespass and nuisance allegations against Norge Village are insufficiently pled, Defendants' motion

8    to dismiss is GRANTED with leave to amend with respect to Norge Village as to Claims Three and

9    Four.  Because negligence per se is not an independent cause of action, and because Tarob has not

10   paid a judgment or settlement as required for a claim of equitable indemnity, Defendants' motion

11   to dismiss is GRANTED with prejudice as to all Defendants as to Claims Six and Seven.

**I.**

13       The Herbert Trust owns property at 240 California Avenue in Palo Alto, California, which

14   it leases to Norge Village, a dry cleaner.[3]  Tarob purchased a neighboring property located at 260

15   California Avenue, which has been contaminated by perchlorethylene, or PCE, a chemical used in

16   dry cleaning.[4]  Tarob has expended substantial costs in remediating the PCE contamination.[5]

17       In order to recover its costs, Tarob filed a complaint against the Herbert Trust and Norge

18   Village, which alleged claims for CERCLA, HSAA, trespass, nuisance, negligence, negligence per

19   se, quantum meruit, contractual indemnity, equitable indemnity, implied indemnity, comparative

20   indemnity, and declaratory relief.[6]  Because trusts are not legal entities that can be sued,[7] Tarob

21   then filed the first amended complaint, which removed the Herbert Trust as a defendant and named

23   [3] *See* Docket No. 26 at ¶ 11.

24   [4] *See id.* at ¶ 12-13.

25   [5] *See id.* at ¶ 14.

26   [6] *See* Docket No. 1.

27   [7] *See Portico Mgmt. Grp., LLC v. Harrison*, 202 Cal. App. 4th 464, 473 (2011).

28

Case No. 5:14-cv-04291-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1  Herbert as a defendant in his capacity as trustee.[8]  Tarob also pared down its claims to remove the

2  claims for quantum meruit, contractual indemnity, implied indemnity and comparative indemnity.[9]

3  Defendants now move to dismiss Tarob's first amended complaint against Herbert, arguing that

4  while Herbert is named as a defendant in the first amended complaint's caption, all allegations in

5  the body of the pleading refer to the Herbert Trust.[10]  Defendants also move to dismiss the claims

6  against Norge for failure to state a claim, or in the alternative, strike or require a more definite

7  statement of the claims.[11]

8  **II.**

9  This court has subject matter jurisdiction and supplemental jurisdiction pursuant to 28

10  U.S.C. §§ 1331 and 1367.  The parties consented to the jurisdiction of the undersigned magistrate

11  judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[12]

12  Fed. R. Civ. P. 12(b)(6) permits challenges to the legal sufficiency of the opposing party's

13  pleadings.[13]  The court must accept all material allegations in the complaint as true and construe

14  them in the light most favorable to the non-moving party.[14]  The court's review is limited to the

15  face of the complaint, materials incorporated into the complaint by reference, and matters of which

16  the court may take judicial notice.[15]  However, the court need not accept as true allegations that are

17  conclusory, unwarranted deductions of fact, or unreasonable inferences.[16]  If a plaintiff fails to

18  [8] *See* Docket No. 26.

19  [9] *See id.*

20  [10] *See* Docket No. 36 at 7.

21  [11] *See* Docket No. 36.

22  [12] *See* Docket Nos. 6, 22.

23  [13] *See Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

24  [14] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

25  [15] *See id.*

26
27  [16] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

28

3

Case No. 5:14-cv-04291-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS

proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[17]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[19]

A trust is not a legal entity that can be sued, and a judgment against a trust is meaningless and unenforceable.[20]

CERCLA Section 107(a) allows private parties to recover expenses associated with cleaning up contaminated sites.[21]  A Section 107(a) claim requires showing that (1) the site on which the hazardous substances are contained is a "facility"; (2) there was a "release" or "threatened release" of a hazardous substance from the facility; (3) the release or threatened release caused the plaintiff to incur response costs that were "necessary" and "consistent with the national contingency plan"; and (4) the defendant falls within one of the four classes of persons subject to liability under Section 107(a).[22]  As relevant here, the first class of persons subject to liability is "the owner and operator of a vessel or a facility."[23]

HSAA Section 25363(e) is California's equivalent of CERCLA and "[a] claim under the HSAA has the same elements as a claim under CERCLA."[24]

_____

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[19] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[20] *See Portico Mgmt. Group, LLC*, 202 Cal. App. 4th at 473-75.

[21] *See* 42 U.S.C. § 9607(a).

[22] *Id.*

[23] 42 U.S.C. § 9607(a)(1).

[24] *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 897 (N.D. Cal. 2011).

4

United States District Court
For the Northern District of California

**III.**

Applying the standards as set forth above, Defendants' motion is resolved as follows.

*First*, the first amended complaint is dismissed in its entirety as to Herbert.  While the caption of the first amended complaint names Herbert as a defendant in his capacity as trustee of the Herbert Trust, the first amended complaint makes allegations only as to what the Herbert Trust did or failed to do and knew or should have known with respect to the activities of its tenant, Norge Village.[25]  The first amended complaint makes no allegations as to any actions by Herbert that give rise to liability.  Because the references to the Herbert Trust may easily be corrected to refer to Herbert, the first amended complaint is dismissed with leave to amend as to Herbert.

*Second*, Tarob has alleged sufficient facts to state a claim for relief under CERCLA Section 107(a).  The first amended complaint specifies that it is concerned with PCE, which is considered a hazardous material under state and federal law.[26]  Defendants argue that the first amended complaint's use elsewhere of the plural term "hazardous substances" fails to satisfy CERCLA's requirement that there be a release or threatened release of a hazardous substance, because the term "hazardous substances" is "ambiguous and an insufficient legal conclusion."[27]  However, Defendants' authority is a single case[28] that has never been followed by any other court on this issue, as admitted by counsel for Defendants at oral argument.[29]  The sole other court to address this argument found that the facts before it were distinguishable.[30]

---

[25] *See, e.g.*, Docket No. 26 at ¶¶ 11, 18.

[26] *See* Docket No. 26 at ¶ 12.

[27] Docket No. 36 at 9-10.

[28] *Coppola v. Smith*, 935 F. Supp. 2d 993 (2013).

[29] *See* Docket No. 39 at 6; Docket No. 41.

[30] *See Hobart Corp. v. Dayton Power & Light Co.*, 997 F. Supp. 2d 835, 852 (S.D. Ohio 2014) (distinguishing *Coppola* on the grounds that plaintiffs identified multiple hazardous substances in their CERCLA Section 107 claim).

Case No. 5:14-cv-04291-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS

1    Defendants also rely on *Coppola* to argue that Tarob improperly alleges that Norge Village

2  is liable as an owner, transporter, and/or arranger.[31]  However, the first amended complaint

3  identifies Norge Village as operating a dry cleaning business that released hazardous substances.[32]

4  This sufficiently alleges that Norge Village is a potentially responsible party under Section

5  107(a)(1).[33]

6    ***Third***, the HSAA claim survives the motion to dismiss.  CERCLA Section 114(b) bars

7  plaintiffs from recovering twice for the same remediation costs by prohibiting anyone that recovers

8  under CERCLA from also recovering under any other state or federal law.[34]  However, district

9  courts are split as to whether Section 114(b) prevents plaintiffs from alleging both CERCLA claims

10  and related state law claims in their complaints.[35]  The Federal Rules of Civil Procedure ultimately

11  control, and Rule 8 allows alternative pleading.[36]

12    ***Fourth***, the trespass claim is dismissed with leave to amend.  Tarob alleges that Defendants

13  has trespassed on their property by means of environmental contamination.[37]  However, Tarob fails

14  to allege facts showing whether the trespass is continuing or permanent, which affects the relief

15  available to Tarob and the defenses available to Defendants.  The first amended complaint

16  therefore does not adequately plead this claim.

17  [31] *See* Docket No. 36 at 10.

18  [32] *See* Docket No. 26 at ¶¶ 12, 15.

19  [33] *Coppola* found that the fourth element of a Section 107(a) claim was sufficiently pled under
20  similar circumstances, although the court dismissed the claim for a failure to allege the second
element of release of a hazardous substance.  *See* 935 F. Supp. 2d at 1010 ("the allegation that
21  Martin has owned 110 N. Willis . . . is sufficient to allege liability under § 9607(a)(1)").

22  [34] *See* 42 U.S.C. § 9614(b).

23  [35] *Compare Ashtabula River Corp. Group II v. Conrail, Inc.*, 549 F. Supp. 2d 981, 985–86 (N.D.
24  Ohio 2008) (granting Rule 12(b)(6) motion and prohibiting state law claim due to CERCLA's
double recovery bar); *with Board of County Comm'rs of La Plata County v. Brown Group Retail,*
25  *Inc.*, 598 F. Supp.2 d 1185, 1193 (D. Colo. 2009) (denying Rule 12(b)(6) motion and permitting
the plaintiff to plead both state and CERCLA claims).

26  [36] *See* Fed. R. Civ. P. 8(d)(2)-(3).

27  [37] *See* Docket No. 26 at ¶ 35.

28

6

United States District Court
For the Northern District of California

1      **Fifth**, the nuisance claim also is dismissed with leave to amend.  Tarob alleges that

2  Defendants created a nuisance through the discharge and abandonment of hazardous substances,

3  but does not specify whether their claim is for public or private nuisance.[38]  The elements of a

4  public and private nuisance claim differ significantly, because a public nuisance is "one which

5  affects at the same time an entire community or neighborhood, or any considerable number of

6  persons,"[39] while a private nuisance is merely "a non-trespassory interference with the private use

7  and enjoyment of land."[40]  Defendants' responses and defenses to a nuisance claim may differ

8  significantly based on whether the claim is for a private or public nuisance.

9      Similarly, Tarob does not clearly allege facts showing whether the nuisance is continuing or

10  permanent.  The relief and defenses available for a nuisance claim differ depending on whether the

11  nuisance is continuing or permanent.[41]  Because of these defects, the nuisance claim also is

12  inadequately pled and is dismissed with leave to amend.

13      **Sixth**, the negligence claim is dismissed with leave to amend as against Herbert for the

14  reason stated above.  Defendants did not move to dismiss the negligence claim against Norge

15  Village.

16      **Seventh**, the negligence per se claim is dismissed with prejudice.  "Negligence per se is not

17  an independent cause of action," and "does not provide a right of action for violation of a

18  statute."[42]  Rather, "it operates to establish a presumption of negligence."[43]  Tarob therefore may

19  not allege negligence per se as a separate cause of action, although it may amend its negligence

20  claim to allege negligence per se in order to establish the negligence element.

---

21  [38] *See* Docket No. 26 at ¶¶ 38-44.

22  [39] Cal. Civ. Code § 3480.

23  [40] *San Diego Gas & Elec. Co. v. Superior Court*, 13 Cal. 4th 893, 937 (1996).

24  [41] *Mangini v. Aerojet-General Corp.*, 12 Cal.4th 1087, 1090, 1095-1104 (Cal. 1996).

25  [42] *Konkol v. Oakwood Worldwide L*ocal, LLC, No. 2:14–cv–06596–ODW(ASx), 2015 WL 46177

26  at *5 (C.D. Cal. Jan. 2, 2015) (quoting *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1285

27  (2006)).

28  [43] *Konkol*, 2015 WL 46177 at *5 (quoting *Quiroz*, 140 Cal. App. 4th at 1285-86).

7

Case No. 5:14-cv-04291-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS

1    **Eighth**, the equitable indemnity claim is dismissed with prejudice.  "The cause of action for

2    equitable indemnity accrues when the indemnitee suffers a loss through payment of an adverse

3    judgment or settlement."[44]  While Tarob has "expended substantial sums remediating" its

4    property,[45] it has not suffered an adverse judgment or settlement.

5    **Ninth**, the declaratory relief claim is retained because it is contingent on Tarob's CERCLA

6    claim, which also has been retained.[46]

7                                                    **IV.**

8    Defendants' motion to dismiss is GRANTED-IN-PART.  The first amended complaint is

9    DISMISSED with leave to amend as to Herbert, and as to Norge Village, Claims Three and Four

10   are DISMISSED with leave to amend.  Claims Six and Seven are DISMISSED with prejudice as to

11   both Defendants.  All other relief sought is DENIED.  Any amended complaint shall be filed by

12   October 14, 2015.

13

14   **SO ORDERED.**

15   Dated: September 30, 2015

16                                                _____

17                                                PAUL S. GREWAL

                                                 United States Magistrate Judge

18

19

20

21

22

23

24   [44] *Sullins v. Exxon/Mobil Corp.*, 729 F. Supp. 2d 1129, 1139 (N.D. Cal. 2010) (quoting *Western*

25   *Steamship Lines, Inc. v. San Pedro Peninsula Hosp.*, 8 Cal. 4th 100, 110 (1994)).

26   [45] Docket No. 39 at 12.

27   [46] *See* Docket No. 26 at ¶¶ 63-64; 42 U.S.C. § 9613(g)(2)(B) (providing for declaratory judgment

     in CERCLA actions).

28
                                                    8
     Case No. 5:14-cv-04291-PSG
     ORDER GRANTING-IN-PART MOTION TO DISMISS

*United States District Court*
*For the Northern District of California*