Jeffrey S. Lawson (SBN 99855)
jsl@svlg.com
Kathryn E. Barrett (SBN 162100)
keb@svlg.com
SILICON VALLEY LAW GROUP
50 W. San Fernando Street, Suite 750
San Jose, CA 95113
Phone: (408) 573-5700
Fax:     (408) 573-5701

Attorneys for Tarob M & C Investors. LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| Tarob M & C Investors, LLC<br><br>        Plaintiff,<br><br>vs.<br><br>William A. Herbert, as Trustee of the Herbert Family Living Trust, Boowhan Corporation, dba Norge Village, and Does 1 – 50, inclusive.<br><br>        Defendants. | Case No. C 14-04291 PSG<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**<br><br>1) CERCLA Section 107;<br>2) Hazardous Substance Account Act ("HSAA");<br>3) Permanent Trespass;<br>4) Permanent Private Nuisance;<br>5) Negligence;<br>6) Declaratory Relief.<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      This is a civil action brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9607, as amended by the Superfund Amendment and Reauthorization Act of 1986, Pub. L. No. 99-499,100 Stat. 1613 (1986) (CERCLA) for (i) reimbursement of response costs in response to the release or threatened release of hazardous substances from property occupied or owned by Defendants, and (ii) a Declaratory Judgment under CERCLA, 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201, as to liability for future response costs.

# I.
# PARTIES

1. Tarob M & C Investors, LLC ("Tarob" or "Plaintiff") is a limited liability company organized under the laws of the State of California, with its principle place of business in California.

2. Plaintiff is informed and believes and therefore alleges that Herbert Family Living Trust is a trust organized under the laws of the State of California with its principal place of business in California and that Defendant William A. Herbert is its Trustee. ("William Herbert" or "Defendant")

3. Plaintiff is informed and believes and therefore alleges that Defendant Boowhan Corporation dba Norge Village ("Norge Village" or "Defendant") is organized under the laws of the State of California with its principal place of business in California.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when and if ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages were proximately caused by said Defendants.

5. At all times herein mentioned, all of the Defendants were the agents, employees and servants of the other Defendants and were acting within the scope and agency of their employment and with the permission and consent of each Defendant.

# II.
# JURISDICTION AND VENUE

6. This court has exclusive jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 9607, 28 U.S.C. § 1331.

7. Venue is proper in this judicial district pursuant to 42 U.S.C. § 9607, 28 U.S.C. § 1391(b) and (c), because the claims arose in the Northern District of California.

8. The state law claims alleged in this complaint are related to the federal claims pursuant to 28 U.S.C. § 1367(a) and fall within the court's supplemental jurisdiction.

# GENERAL ALLEGATIONS

A. **Site Ownership and Historical Operations:**

9. Tarob owns and possesses property located at 260 California Ave Palo Alto California. ("Tarob Property")

10. Tarob purchased the Tarob Property in 2011.

11. Next door to the Tarob Property is property owned by William Herbert as Trustee of the Herbert Family Trust at 240 California Ave Palo Alto California. ("Herbert Property"). William Herbert as Trustee of the Herbert Family Trust leases the Herbert Property to a drycleaner, Norge Village. Plaintiff is informed and believes William Herbert as Trustee of the Herbert Family Trust and his predecessors have owned the Herbert Property since 1961.

12. Norge Village operates a dry cleaning business and as part of their dry cleaning process uses a chemical known as perchlorethylene (otherwise known as "PCE", "PERC" and "tetrachloroethene"). PCE is a Hazardous Substance under State and Federal law, and wastewater containing PCE is considered hazardous waste, the disposal of which is strictly regulated under State and Federal Law.

13. Prior to the purchase Tarob undertook all appropriate inquiry to evaluate the environmental condition of the Property, including, but not limited to, a Phase I and Phase II environmental investigation. On October 7, 2011 the environmental investigations revealed PCE contamination in the soil gas migrating from the Herbert Property and onto the Tarob Property. The exact nature and extent of the hazardous substances and contamination of the Tarob Property is still unknown.

14. The price Tarob paid for the Property did not include a discount for the contamination. Tarob incurred increased costs and had to undertake remedial actions, including, but not limited to, conducting extensive environmental testing, off-hauling PCE contaminated soil to a regulated dump site and installation of a vapor barrier so that the Property would be safe for occupation.

15. During the time William Herbert as Trustee of the Herbert Family Trust and his predecessors have owned the Herbert Property, the Norge Village and its predecessors used, stored, and disposed of Hazardous Substances on the Herbert Property. In particular, contamination of the Tarob Property is the result of leaks and spills from the dry cleaning operations on the Herbert Property during

the time period it has been owned by the William Herbert as Trustee of the Herbert Family Trust and his predecessors, and the Hazardous Substances have spread though the soil and groundwater to the Tarob Property.

16. No source of the PCE and its daughter products, other than from defendants, has been discovered by plaintiff despite diligent investigation.

17. The contamination was created or negligently permitted to remain on the Herbert Property by Defendants. The risk of contaminated groundwater and contaminated soil impact on the groundwater is that dangerous chemicals can enter the public waters endangering humans, animals and plants of the State of California. Moreover, the groundwater is owned by the State of California, and, accordingly, the contamination of groundwater by Defendants constitutes harm to third parties. The contaminated soil and soil gas creates a vapor risk than can permeate the building on the Tarob Property and cause health risks to occupants of the Tarob Property. The contamination from Defendants remains on the Tarob Property.

18. William Herbert as a landlord allowing Hazardous Substances (in particular PCE) to be used at his property knew or through the exercise of reasonable diligence should have known, that his tenant was creating a nuisance, but despite the ability to prevent the nuisance did nothing about it. William Herbert could have discovered the spills and releases through reasonable inspection of the Property and his tenants operations. William Herbert as landlord has the ability to monitor the activities of its tenant and as landlord has the ability to prevent and abate the release of contamination.

19. As a result of the contamination caused and maintained by Defendants, Plaintiffs have been required to incur response costs necessary to investigate and remediate the property in an amount not yet fully ascertained.

20. No releases or disposals of Hazardous Substances have occurred at the Tarob Property.

21. Plaintiff is informed and believes that William Herbert and Norge Village failed to meet their statutory, and common law obligations and failed to exercise due care in the conduct of their business by allowing the release Hazardous Substances, waste and contamination into the environment at the Herbert Property, and by failing to properly investigate and remediate the Hazardous Substances, waste and contamination at the Herbert Property. As a result of the release of Hazardous Substances at the Herbert Property the Hazardous Substances have traveled through the subsurface and contaminated

the Tarob Property.

## FIRST CLAIM FOR RELIEF

**Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")**

**Sections 9607**

22.     Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

23.     The Herbert Property is a "facility" within the meaning of 42 U.S.C. section 9601. Defendants and each of them, are "persons" within the meaning of 42 U.S.C. section 9601. The contaminants located in and around the Herbert Property and the Tarob Property, including but not limited to PCE, are "Hazardous Substances" within the meaning of 42 U.S.C. section 9601.

24.     Under section 9607 of the Comprehensive Environmental Response, Compensation, and Liability Act 42 U.S.C. section 9601 et seq. ("CERCLA"), plaintiff seeks recovery and/or contribution from defendants for all past, present and future response costs incurred in response to a release and threat of release of Hazardous Substances affecting the Property. Defendants are an owner, operator, transporter and/or arranger for disposal of Hazardous Substances at the Herbert Property and as the entities responsible pursuant to 42 U.S.C. section 9607(a) for the release and continued threat of the release of Hazardous Substances into the environment, defendants, jointly and severally, are liable for the contamination pursuant to 42 U.S.C. section 9607(a).

25.     Plaintiff is informed and believes that William Herbert is liable as an owner and Norge Village is liable as an operator under CERCLA.

26.     Plaintiff has incurred, and will continue to incur, response costs as defined by 42 U.S.C. section 9601(25), including costs of investigation, removal and remedial costs, in the investigation and abatement of the releases and threatened releases of hazardous substances from the Herbert Property onto the Tarob Property.

27.     The costs incurred, or to be incurred, by Plaintiff in connection with the investigation and remediation of the Property are necessary costs of response consistent with the provisions of CERCLA and the National Contingency Plan.

28.     Plaintiff continues to incur response costs and other costs in connection with the

investigation and remediation of the Property as a result of ongoing efforts to remediate and remove the hazardous substances from the environment.

29. Defendant's, jointly and severally, are liable for all or part of the past, present, and future costs of response, including, without limitation, investigation and remediation expenses, oversight costs and interest, resulting from the release or threat of release by them, of Hazardous Substances in connection with the Herbert Property.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### Hazardous Substance Account Act ("HSAA")

30. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

31. Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, are responsible parties within the meaning of the Hazardous Substance Account Act ("HSAA"). (Health & Safety Code § 25300 et seq. and §25323.5(a)(1))

32. Plaintiff has incurred remedial and response costs in accordance with the HSAA and is entitled to contribution and/or indemnity from the defendants under the HSAA. (Health & Safety Code § 25363.(e))

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## THIRD CLAIM FOR RELIEF

### Permanent Trespass

33. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

34. Defendants caused and allowed Hazardous Substances to be released at the Herbert Property and travel to the Tarob Property. Defendants, without the consent of plaintiff, allowed the contamination to remain on the Tarob Property.

35. Plaintiff owns and has a possessory interest in the Tarob Property. This release of hazardous substances is environmental contamination, which interfered with Plaintiff's possessory interest, and therefore constituted a trespass. This trespass cannot be abated because the contamination

continues to flow from the Herbert Property to the Tarob Property. The presence of the building on the Tarob Property prevents all the contamination from being removed. All the PCE from the Herbert property now on the Tarob Property cannot be removed at a reasonable cost. The presence of any residual PCE at the Tarob Property creates a permanent stigma and diminution in value.

36. This release of Hazardous Substances constituted unlawful and wrongful conduct by Defendants and interfered with plaintiff's possession of the Tarob Property.

37. As a proximate result of the above-described activities, Plaintiff's possession and enjoyment was substantially impaired and interfered with in that Plaintiff has been forced to undertake investigative actions in response to the contamination by Defendants. Plaintiff has further suffered damages related to investigative costs, remediation costs, loss of use of the Tarob Property, lost rent, economic loss, diminution in fair market value, impairment of ability to resell the premises, and damages associated with the stigma caused by the Tarob Property's condition.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FOURTH CLAIM FOR RELIEF

### Permanent Private Nuisance

38. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

39. Defendants created or permitted to remain on the Herbert Property defective and dangerous conditions, i.e. the discharge and abandonment of Hazardous Substances onto the Tarob Property from the Herbert Property.

40. Defendants thereby created or maintained a private nuisance and Defendants are strictly and primarily liable to abate the nuisance as well as to compensate Plaintiff for any and all damages incurred as a result of this nuisance.

41. Defendants created or maintained the nuisance as a result of the unnecessary, unreasonable and injurious method of operation of the drycleaner and of the Herbert Property and their failure to comply with environmental law and their permits in operating their business.

42. William Herbert knew or through the exercise of reasonable diligence, such as by conducting property inspections, should have known that his tenant was improperly and illegally

releasing PCE at the Herbert Property creating toxic contamination on the Herbert Property and the Tarob Property.  As a landlord William Herbert had the authority to stop the PCE releases by its tenant.

43. Defendants failed to correct and/or abate the conditions giving rise to the nuisance so as to eliminate it.  This nuisance cannot be abated because the contamination continues to flow from the Herbert Property to the Tarob Property.  The presence of the building on the Tarob Property prevents all the contamination from being removed.  All the PCE from the Herbert Property now on the Tarob Property cannot be removed at a reasonable cost.   Defendants have further failed to compensate Plaintiff for damages and costs incurred as a result of the nuisance.  The presence of any residual PCE at the Tarob Property creates a permanent stigma and diminution in value.

44. As a result of the nuisance created or maintained by Defendants, Plaintiff has been deprived of the use and enjoyment of the Tarob Property and has suffered damage related to investigating costs, loss of use of the premises, lost profits, lost rents, economic loss, diminution in fair market value of the Tarob Property, diminished ability to resell the Property and damages associated with the stigma to the Property caused by its contamination.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

#### Negligence

45. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

46. Defendants had a duty to exercise due care in operating and maintaining the dry cleaner and the Herbert Property and related hazardous substances use and storage facilities.

47. Defendant Norge Village breached their duty by failing to exercise due care by not following the law or safe industry practices in storing, handling, treating, and disposing of Hazardous Substances used in their dry cleaning business, and in failing to report the information known to defendants to governmental authorities and in failing to investigate and remediate the Herbert Property to insure its environmentally safe condition as required by law.

48. Defendant William Herbert breached his duty by failing to exercise due care in monitoring and requiring his tenants to follow the law in storing, handling, treating, and disposing of Hazardous

Substances used in their dry cleaning business, and in failing to report the information known to defendants to governmental authorities and in failing to investigate and remediate the Herbert Property to insure its environmentally safe condition as required by law.  Despite as landlord having sufficient control over the Herbert Property, William Herbert, as a landlord, failed to reasonably inspect or monitor its tenant despite the ability to do so under its lease and common law.

49. The actions of Defendants in spilling, releasing and not investigating and remediating the releases of Hazardous Substances were, and continue to be, in violation of local, State and Federal laws, including 42 U.S.C. § 6922, et seq., of the Resources Conservation and Recovery Act; California Health & Safety Code § 25100, et seq.; as well as other applicable codes, regulations, ordinances, and statutes. These statutes impose obligations on operators of drycleaners and owners of property to properly store, use and dispose of PCE.  Releasing PCE onto the Herbert Property so that it reached the soil and migrated to the Tarob Property violates the above cited statutes obligations.  The violation by defendants' proximately caused Plaintiff's injury. The injury to Plaintiff resulted from an occurrence(s) these State and Federal laws were designed to prevent.  Plaintiff is within the class intended to be protected by the above-cited statutes. Accordingly, Plaintiff is entitled the application of the doctrine of negligence per se.

50. As a direct and proximate result of the negligence of defendants, plaintiff has suffered damages and losses necessary to evaluate and remediate the contamination of the Tarob Property. Plaintiff has been deprived of the use and enjoyment of the Tarob Property and has suffered damage related to investigating costs, loss of use of the premises, lost profits, lost rents, economic loss, diminution in fair market value of the Tarob Property, diminished ability to resell the Property and damages associated with the stigma to the Tarob Property caused by its contamination.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF

**Declaratory Relief 28 U.S.C. Sections 2201-2202 & CERCLA 42 U.S.C. Section 9613(g)(2)(B)**

51. Plaintiff hereby incorporates by reference each and every allegation and/or assertion set forth above as though fully set forth herein.

52. An actual, substantial, legal controversy now exists between Plaintiff and Defendants, and plaintiff seeks a judicial declaration of its rights and legal relations pursuant to 28 U.S.C. §§2201-2202

and 42 U.S.C. §9613(g)(2)(B).

53. Section 9613(g)(2)(B) provides in pertinent part:

> "In any such action (addressed to CERCLA actions) described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages." (Emphasis and parenthetical added)

54. Plaintiff seeks the declaration of this court that Defendants are solely and entirely liable for future compliance with local, State and Federal regulatory authorities, and for all future costs of response in evaluating, removing and remediating the contamination of which defendants are found to be liable.

55. A declaratory judgment is appropriate for various reasons, including the following:

    a. Due to the presence of the contamination remaining on and beneath the Tarob Property a declaration of future responsibility is necessary.

    b. A declaratory judgment will prevent the need for multiple lawsuits as plaintiff incurs costs of response in the future for which defendants should be liable, and provide the final resolution of issues between the parties regarding liability for costs;

    c. A declaratory judgment will assure that Plaintiff will be reimbursed for Defendants' share of the necessary costs of response herein, ensuring a proper response to any future problems; and

    d. The public interest will be served in that a declaratory judgment will ensure an environmentally proper response.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## III.

## **PRAYER FOR DAMAGES**

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. Compensatory damages according to proof, including but not limited to investigation, clean-up, and remedial costs expended by plaintiff; late payment penalties; loss of profits, economic loss, loss of use, diminution in fair market value, damages related to the inability to resell the Tarob Property, and stigma damages.

2. Response, removal and remedial action costs.

3. Pre-judgment interest at the legal rate as provided by law.

4. Interest at the legal rate as provided by law.

5. Incidental and consequential damages according to proof.

6. Costs of suit.

7. For retention of jurisdiction of this action by this court after entry of the requested declaratory judgment, for the granting to Plaintiff such further relief against Defendants as may be necessary or proper to effectuate the declaration of this Court.

8. For a declaration that Defendants are solely and entirely liable in any legal or administrative actions which have been brought or may be brought by any persons or entities, public or private, concerning or related to the continuing presence of Hazardous Substances at the Tarob Property.

9. For a declaration that, in the event Plaintiff is adjudged liable for any or all relief requested in any judicial or administrative action, arising out of or related to the presence of Hazardous Substances on the Tarob Property, brought against Plaintiff by any persons or entities, public or private, such liability is purely, solely and actually the liability of these Defendants.

10. For a declaration that these Defendants are liable to Plaintiff to contribute to and reimburse Plaintiff, or in the alternative indemnify Plaintiff, for all damages and costs suffered or to be suffered by Plaintiff resulting from or related in any way to the continuing presence of Hazardous Substances on the Tarob Property.

11. For declaratory judgment of Defendants' sole and entire liability for such additional costs that will be incurred in monitoring and remediating the Tarob Property, plus interest, as may be incurred by Plaintiff in connection with any future investigation and remediation of the Tarob Property, and

12. For such other and further relief as this court deems just and proper.

Dated: October 14, 2015                                SILICON VALLEY LAW GROUP


                                                       By: /s/ Jeffrey S. Lawson
                                                           Jeffrey S. Lawson
                                                           Attorneys for plaintiff
                                                           Tarob M & C Investors, LLC

Case No. C 14-04291 PSG
SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
11

10462656.DOCX

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules for Civil Procedure, plaintiff demands a jury trial.

Dated: October 14, 2015                         SILICON VALLEY LAW GROUP

By: /s/ Jeffrey S. Lawson
    Jeffrey S. Lawson
    Attorneys for plaintiff
    Tarob M & C Investors, LLC

Case No. C 14-04291 PSG
SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
12
10462656.DOCX