John R. Till      SBN 178763  JTill@PaladinLaw.com
Kirk M. Tracy  SBN 288508  KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
1176 Boulevard Way
Walnut Creek, CA  94595
Telephone: (925) 947-5700
Facsimile:  (925) 935-8488

Counsel for Defendants
The Herbert Family Living Trust, and
Boowhan Corporation dba Norge Village

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TAROB M&C INVESTORS, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM A. HERBERT, as trustee of the Herbert Family Living Trust; BOOWHAN CORPORATION dba Norge Village, a California corporation; and DOES 1–50, inclusive, <br><br> Defendants. <br><br> AND RELATED THIRD-PARTY CLAIMS AND COUNTERCLAIMS | Case No. 5:14-cv-04291-PSG <br><br> **NOTICE OF SETTLEMENT AND APPLICATION FOR GOOD FAITH SETTLEMENT DETERMINATION** <br><br> Action filed: September 23, 2014 <br> Third-Party Complaint filed: April 5, 2016 <br> Trial date: none set |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT the Plaintiff Tarob M&C Investors, LLC (the "Plaintiff") and Defendants William A. Herbert, as trustee of the Herbert Family Living Trust, and Boowhan Corporation, dba Norge Village ("Defendants") (collectively, the "Settling Parties") have settled this action as between the Settling Parties. A copy of their Settlement Agreement is attached hereto as EXHIBIT A. The attached Settlement Agreement is fully executed, but is contingent on the court making a good faith determination.

/ / /



PLEASE TAKE FURTHER NOTICE that Defendants hereby apply to this Court pursuant to California Code of Civil Procedure section 877.6 for an Order determining that the settlement among these parties was made in good faith.

## I.    SETTLING PARTIES

The parties to the settlement are Plaintiff TAROB M&C INVESTORS, LLC and Defendants WILLIAM A. HERBERT, as trustee of the Herbert Family Living Trust, and BOOWHAN CORPORATION, dba Norge Village. Exh. A., at 1.

## II.    STATEMENT OF FACTS

As alleged in Plaintiff's Second Amended Complaint, ECF No. 45, in Defendants' Answer and Counterclaim, ECF No. 49, and as stated in recitals G through M of the Settlement Agreement ("Agreement"), the dispute resolved between the Settling Parties by the Agreement concerns the potential liability of Defendants under various causes of action alleged by Plaintiff arising out of alleged soil, vapor, and groundwater contamination at and in the vicinity of the property located at 260 California Avenue, Palo Alto, California. Exh. A, at 1-3.

### A.  Parties to the Litigation

In addition to Plaintiff and Defendants, the other parties to this action include third-party defendants Michael Teehan and Diane Teehan.

### B.  Settlement Efforts

Plaintiff and Defendants have discussed potential settlement terms since Defendants were first served with the summons and compliant in this action March 2015. *See* Declaration of John R. Till in Support of Application for Good Faith Settlement Determination ("Till Decl."), at ¶ 5. The Agreement represents a compromise resolution of the Settling Parties' differing interpretations of pertinent facts and legal claims and defenses, recognizing the risks, expense, and uncertainties of litigation. Till Decl., at ¶ 6. This agreement was reached after extensive mediation processes and the use of an outside mediator. Till Decl., at ¶ 7.

## III.    THE SETTLEMENT AGREEMENT – SUMMARY OF TERMS

The basis and terms of the Agreement between Plaintiff and Defendants that is summarized below are set forth fully in the Agreement itself, attached hereto as EXHIBIT A.



NOTICE OF SETTLEMENT AND APPLICATION FOR GOOD FAITH SETTLEMENT DETERMINATION

A.   In return for mutual dismissals with prejudice, the parties to the Agreement will dismiss the entire action, including claims brought or which could have been brought, between the Parties to the attached Agreement. Exh. A, at 7-11. In addition, Defendants will, per the terms of the Agreement, pay Plaintiff the sum of $190,000.00. Exh. A, at 7, § 2.A.

B.   If this Court does not determine that the Agreement was entered into in good faith pursuant to California code of Civil Procedure section 877.6, the Agreement will be null and void. Exh. A, at 8, § 3.A.[1]

C.   In consideration of the obligations in the Agreement, Plaintiff and Defendants will enter into a mutual general release of all claims. Exh. A, at 9, § 4.A.

## IV.   LEGAL STANDARD

A federal court exercising jurisdiction over non-federal claims must generally apply state substantive law. *Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 836 n.6 (9th Cir. 1996) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-80 (1938)). Because Plaintiff's claims against Defendants are based primarily on California law, state substantive law applies here. California Code of Civil Procedure section 877.6 is substantive law, and therefore governs the contribution protection under the settlement of this action. *See, e.g., Slaven v. BP Am., Inc.*, 958 F. Supp. 1472, 1478 (C.D. Cal. 1997) ("[T]he case law is clear that state settlement provisions amount to substantive, rather than purely procedural, law.") Put another way, because state-law claims predominate in the action, section 877.6 applies to the Settlement Agreement. *See Federal Savings & Loan Insurance Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) (applying section 877.6 in analogous circumstances); *Schaeffer v. Gregory Vill. Partners, L.P.*, No. 13-CV-04358-JST, 2015 WL 5316357, at *2 (N.D. Cal. Sept. 11, 2015) (Order granting motion for good faith settlement determination) (citing *Butler*, 904 F.2d at 511).

Under California law, "[w]here a release, dismissal with or without prejudice or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . [i]t shall discharge the

---

[1] Prior to filing this application for good faith settlement determination, Plaintiff was provided a draft, in accordance with the settlement agreement, and Plaintiff had no objections to the filing of the application nor provided any proposed edits or comments. Till Decl. ¶ 13.

1  tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors." Cal.

2  Civ. Proc. Code § 877. As a check on the validity of settlement agreements that might affect joint

3  tortfeasors not a party to the settlement, California law further requires the court to make a

4  determination that a settlement has been entered in good faith before that settlement can become

5  final. *Id.* § 877.6. The section provides further that "[a] determination by the court that the

6  settlement was made in good faith shall bar any other joint tortfeasor from any further claims

7  against the settling tortfeasor for equitable comparative contribution, or partial or comparative

8  indemnity, based on comparative negligence or comparative fault." *Id.* § 877.6(c).

9      A settlement is made in good faith if is within a "reasonable range" of the settling parties'

10  proportionate share of liability to the plaintiff. *Tech-Bilt Inc. v. Woodward-Clyde & Assoc.*, 38

11  Cal. 3d 488, 499 (1985). Courts, in making a good faith settlement determinations consider the

12  following factors: (1) "a rough approximation of plaintiffs' total recovery and the settlor's

13  proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement

14  proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he

15  would if he were found liable after trial"; (5) "the financial conditions and insurance policy limits

16  of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to

17  injure the interests of nonsettling defendants." *Id.* (citation omitted). Any party opposing an

18  application for good-faith settlement bears the burden of proving "that the settlement is so far 'out

19  of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of

20  the statute." *Id.* at 499-500; *see also* Cal. Civ. Proc. Code § 877.6(d).

21      When no party objects to the proposed settlement, the court may bypass the Tech-Bilt

22  factors and enter a finding of good faith when presented merely with "the barebones motion

23  which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief

24  background of the case." *City of Grand Terrace v. Super. Ct. of San Bernardino Cnty.*, 192 Cal.

25  App. 3d 1251, 1261 (1987); *PAG-Daly City, LLC v. Quality Auto Locators, Inc.*, No. C 12-3907

26  WHA, 2014 WL 807415, at *1-2 (N.D. Cal. Feb. 27, 2014).

27  / / /

28  / / /

1

2

3

## V.   ARGUMENT

**A. A settlement is in good faith where, as here, it falls within a "reasonable range" of the settling defendant's proportionate liability.**

4

5

6

7

8

9

10

11

12

13

14

15

California Code of Civil Procedure section 877.6 provides that "[a]ny party to an action in which it is alleged that two or more parties are joint tortfeasors . . . shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . ." Cal. Civ. Proc. Code § 877.6(a). To secure a determination of good faith settlement, the settling parties may "give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order." Cal. Civ. Proc. Code § 877.6(a)(2). "The application shall indicate the settling parties, and the basis, terms, and amount of the settlement." *Id.* Section 877.6 authorizes this Court to determine whether the settlement between Plaintiff and Defendants was entered into in good faith. Cal. Civ. Proc. Code § 877.6(b). After the Court determines that a settlement was reached in good faith, joint tortfeasors are barred from asserting indemnity and/or contribution claims against the settling tortfeasors.  Cal. Civ. Proc. Code § 877.6(c).

16

17

18

19

20

21

22

23

24

25

In *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488 (1985), the California Supreme Court set the standard for determining whether a settlement is made in "good faith" within the meaning of California Code of Civil Procedure section 877.6, where it held that a settlement is made in good faith if it is within a "reasonable range" of the settling party's proportionate share of liability to the plaintiff. *Tech -Bilt*, 38 Cal.3d at 499. Notably, *Tech-Bilt* emphasizes the following: "[A] 'good faith' settlement does not call for perfect or even nearly perfect apportionment of liability. In order to encourage settlement, it is quite proper for a settling defendant to pay less than his proportionate share of the anticipated damages." *Abbott Ford, Inc. v. Superior Court*, 43 Cal. 3d 858, 874-75 (1987) (mentioning, although not directly citing, *Tech-Bilt*).

26

27

28

In *Tech-Bilt*, the California Supreme Court enumerated several factors for courts to consider in determining a good faith settlement.  These factors include:

(1) a rough approximation of the plaintiff's total recovery and the settler's proportionate

liability;

(2) the amount paid in settlement;

(3) the allocation of settlement proceeds among plaintiffs;

(4) a recognition that a settler should pay less in settlement than if the settler were found liable after a trial;

(5) the financial condition and the insurance policy limits of the settler; and

(6) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. *Tech-Bilt*, 38 Cal. 3d at 499.

Not all of these factors necessarily apply to every case (*see, e.g., City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1262-1265 (1987)). The court should also consider the policy in favor of settling litigation. *Stambaugh v. Superior Court*, 62 Cal. App. 3d 231, 238 (1976) (noting "a joint tortfeasor should be permitted to negotiate settlement of an adverse claim according to his own best interests, whether for his financial advantage, or for the purchase of peace and quiet, or otherwise").

Furthermore, "practical considerations obviously require that the evaluation be made on the basis of information available at the time of settlement." *Tech-Bilt*, 38 Cal. 3d at 499; *Abbott*, 43 Cal. 3d at 874; *see also Toyota Motor Sales U.S.A., Inc. v. Superior Court*, 220 Cal. App. 3d 864, 878 n. 9 (1990) (in determining whether a settlement is made in good faith, the court "will not necessarily have before it all of the evidence which may ultimately be offered at trial on a disputed issue"). Additionally, a good-faith settlement does not call for perfect or even nearly perfect apportionment of liability. *N. County Contractor's Ass'n v. Touchstone Ins. Servs.*, 27 Cal. App. 4th 1085, 1090 (1994). All that is necessary is that there be a "rough approximation" of the settlement amount and the settling party's proportionate liability. *Id.*, 27 Cal. App. 4th at 1090-91; *see also Horton v. Superior Court*, 194 Cal. App. 3d 727, 735 (1987) (citing *Tech-Bilt*, 38 Cal. 3d at 501) (the judge should try to "determine a 'rough approximation' of what the plaintiff would actually recover if the case should go to trial").

In sum, absolute precision is not required. To determine whether a settlement is "in the ballpark," a court is merely required to make an "educated guess" whether it approximates the

1   settling defendant's share of liability and is not grossly disproportionate. *N. County Contractor's*

2   *Ass'n.*, 27 Cal. App. 4th at 1090. The court may rely on affidavits, experts in the field, and

3   personal experience. *Mattco Forge, Inc. v. Arthur Young & Co.*, 38 Cal. App. 4th 1337, 1349

4   (1995).

5   **B.  The Settlement Agreement between Plaintiff and Defendants satisfies the *Tech-Bilt***

6   **factors.**

7   The first, second, third, and fourth factors are most relevant here. The first two factors

8   evaluate the settlement amount compared to a rough approximation of the settler's proportionate

9   liability. In light of Plaintiff's claims, the lack of evidence of contamination currently in existence

10   at Plaintiff's property, *see* Till Decl., at ¶ 9, and the lack of any affirmative quantification of

11   diminution in value to Plaintiff's property, Till Decl., at ¶ 10, in addition to and Defendants'

12   potential factual and legal defenses, thereto, and a current lack of documented releases at

13   Defendants' property, Till Decl., at ¶ 11, Defendants' liability seems likely to be relatively

14   minimal, and evenly proportional to that of third-party defendants that operated a dry cleaning

15   business at Defendants' property historically. Furthermore, Plaintiff has demanded approximately

16   $300,000.00 related to is claims in the Action. Till Decl., ¶ 8. The settlement amount of

17   $190,000.00 is very much in the ballpark of the amount sought by Plaintiff.

18   The third factor, concerning the allocation of settlement proceeds among plaintiffs, also leans

19   in the favor of a determination of good faith, because there is only one plaintiff here and the entire

20   settlement amount will be paid to that plaintiff.

21   The fourth factor also favors a determination that the Agreement is in good faith. Here

22   Plaintiff has taken the position that the injury to their property is a permanent nuisance, ECF No.

23   45, at ¶ 43, so this is amount demonstrates the reasonable amount that Plaintiff is willing to

24   accept from Defendants in this case for the alleged damages to its Property and costs associated

25   with Plaintiff's costs in construction, remediation, and mitigation measures. Although attorney

26   fees, costs, and damages awarded to Plaintiff against Defendants after trial could allegedly total

27   multiple millions of dollars and require many years of oversight of cleanup operations, it is

28   Defendants' understanding that the mitigation measures taken by Plaintiff, including excavation



NOTICE OF SETTLEMENT AND APPLICATION FOR GOOD FAITH SETTLEMENT DETERMINATION

1  of soil and installation of a vapor barrier, resolved the majority of issues alleged in the complaint

2  with regards to the alleged permanent nuisance at the site. Till Decl., at ¶ 12. Also, Defendants

3  have taken environmental samples immediately downgradient of Plaintiff's property, and those

4  results have demonstrated levels of potential contaminants to be below local environmental

5  screening levels and maximum contaminant levels, as shown in Exhibit A to the Till Declaration

6  filed herewith. Further, there has been no affirmative quantification of diminution in value to

7  Plaintiff's property at this time, Till Decl., at ¶ 10, and thus the payment to Plaintiff means that

8  both Plaintiff and Defendants will avoid significant litigation costs between the parties. As

9  recognized in the third factor, Defendants' settlement amount understandably should be less than

10  if they were found liable after trial.

11  Finally, the sixth factor also supports a good faith determination because there is no intent to

12  collude or cause harm to any of the other defendants in this matter. Plaintiff and Defendants have

13  reached an arms-length agreement in good faith. *See* Till Decl., at ¶¶ 2-7.

14  **VI.    CONCLUSION**

15  For the reasons discussed above, Plaintiff and Defendants respectfully request that this

16  Court enter an Order determining that the Agreement is in good faith, and as such, Defendants are

17  entitled to the protection afforded by California Code of civil Procedure section 877.6 from any

18  pending or future claims for indemnity and/or contribution for the matters addressed in this action

19  and the Agreement.

20  DATED: February 9, 2017                    PALADIN LAW GROUP® LLP

21                                            By:   /s/   *John R. Till*

22                                            John R. Till
                                              Counsel for Defendants/Third-Party Plaintiffs
23                                            William A. Herbert, as trustee of the
                                              Herbert Family Living Trust, and
24                                            Boowhan Corporation dba Norge Village

25

26

27

28



NOTICE OF SETTLEMENT AND APPLICATION FOR GOOD FAITH SETTLEMENT DETERMINATION

# EXHIBIT A

SETTLEMENT AGREEMENT AND RELEASE

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter referred to as the "Agreement"), as of the Effective Date, is entered into by and between: (a) Plaintiff and Counter-Defendant Tarob M & C Investors, LLC, as defined in section 1.K, ("Tarob"); (b) Defendants, Counterclaimants, and Third-Party Plaintiffs Boowhan Corporation, as defined in section 1.B, ("Boowhan") and William A. Herbert, as Trustee of the Herbert Family Living Trust, as defined in section 1.H, ("Herbert") (collectively, "Defendants"). Collectively, Tarob, Boowhan, and Herbert shall be referred to as "the Parties" and each of them a "Party" to this Agreement.

## RECITALS

**WHEREAS:**

A.      Tarob owns and possesses the real property located at 260 California Avenue, Palo Alto, California and with APN number 124-28-056 (the "Tarob Property"). Tarob purchased the Tarob Property on about November 23, 2011;

B.      Herbert are or were the owners of the real property and improvements located at 240 California Avenue, Palo Alto, California and with APN number 124-28-031 (the "Herbert Property");

C.      Boowhan, a California corporation, is the owner and operator of a dry cleaning business known as California Avenue Norge Village, located at the Herbert Property. Boowhan has leased the facility at the Herbert Property since about November 1, 1985;

D.      Third-Party Defendants Michael Teehan and Diane Teehan (collectively, "Teehan"). Teehan was an owner and operator of a dry cleaning business known as California Avenue Norge Village, located at the Herbert Property. Teehan leased the facility at the Herbert Property.

E.      The Estate of Sylvia Josephson, Deceased, the Estate of Neil L. Mitchell, Deceased, the Estate of Leo Zonnveld, Deceased, and the Estate of Merle Vaughn, Deceased (collectively, the "Estates"), are each former owners and operators of the dry cleaners at the Herbert Property.

F.      Leslie Boher ("Boher") was an owner and operator of a dry cleaning business known as Norge Laundry & Cleaning Village, located at the Herbert Property.

SETTLEMENT AGREEMENT AND RELEASE

G.     In 2011, Tarob performed a Phase I and II environmental investigation ("Investigation") at an around the Tarob Property prior to purchasing the Tarob Property. The Investigation revealed the presence of petroleum hydrocarbons in the soil and groundwater and tetrachloroethene (also known as perchloroethylene or "PCE") present in the soil and soil vapors at the Tarob Property. Tarob alleges the dry cleaning operations at the Herbert Property leaked and spilled PCE and other unspecified hazardous substances (collectively, "Hazardous Substances"). Tarob alleges that the Hazardous Substances discovered at the Tarob Property migrated there from the Herbert Property;

H.     It has also been alleged in this matter that the Hazardous Substances discovered at and in the vicinity of the Tarob Property, Herbert Property, and/or other properties in the vicinity of the Tarob Property and Herbert Property were released at and/or migrated at, under, to or from the Tarob Property, Herbert Property and/or from properties in the vicinity of the Tarob Property and/or Herbert Property;

I.     In or about October 2011, Tarob (via its environmental consultant, TetraTech) provided the results of the Investigation to the California Regional Water Quality Control Board for the San Francisco Bay Region ("Board"), prior to Tarob's construction of a new three-story office building and underground parking garage on the Tarob Property. On January 18, 2012, the Board issued a comfort letter to Tarob with respect to groundwater, soil, and soil vapor pollution in the vicinity of the Tarob Property. The comfort letter stated the Board would not name Tarob as a discharger and stated "the issue of vapor intrusion into the future development must be addressed and mitigated, as necessary." The Board has no open cases or files regarding the Site and has issues no orders regarding the Site.

J.     On September 23, 2014, Tarob filed an action in order to adjudicate the liability associated with responding to the presence of Hazardous Substances at the Site.  Tarob filed the federal action in the United States District Court for the Northern District of California, entitled *Tarob M & C Investors, LLC v. William A. Herbert, as Trustee of the Herbert Family Living Trust, et al.*, Case No. 5:14-cv-04291.  On October 14, 2015, Tarob filed its Second Amended Complaint, the current operative complaint.  Defendants filed a counterclaim on November 24, 2015. Defendants filed a Third-Party Complaint against Teehan, Boher, and the Estates on April 5, 2016.  In this action, the parties each allege that each other were responsible for Environmental Contamination (defined

SETTLEMENT AGREEMENT AND RELEASE

below) at and from the Site and each deny any alleged liability for the alleged Environmental Contamination at and from the Site, the Environmental Contamination investigation and remediation, and other damages, fees, costs, and expenses associated with or arising from the actual or alleged Environmental Contamination arising from or related to the Site;

K.      Herbert also alleged that Tarob damages the Herbert Property during construction work related to the Tarob Property.  These allegations are also denied by Tarob and settled by this settlement;

L.      The Parties dispute the events, facts, and dates when releases of PCE at or from the Herbert Property, Tarob Property, and/or the Site actually or allegedly occurred and/or that any such releases caused or contributed to the alleged Environmental Contamination at or from the Site; and

M.      The Parties deny any responsibility for Environmental Contamination at or from the Site, each Party desires and intends to effect a final settlement of all claims and disputes between them through this Agreement that were brought or could have been brought in the Action or as otherwise set forth in this Agreement.

SETTLEMENT AGREEMENT AND RELEASE

## TERMS

NOW, THEREFORE, in consideration of the terms, conditions, and promises set forth herein, the Parties agree as follows:

1.  Definitions.

Words used in this Agreement are to be taken and understood in their normal and ordinary sense unless this Agreement indicates that a different meaning is intended.   Whenever the following terms are used in this Agreement, the meanings of this section apply.

A.     "Action" means the lawsuit in the United States District Court for the Northern District of California, entitled *Tarob M & C Investors, LLC v. William A. Herbert, as Trustee of the Herbert Family Living Trust, et al.*, Case No. 5:14-cv-04291, including all counterclaims, third-party claims, and any Claims or causes of action which were brought or could have been brought by or between the Parties to this Agreement.

B.     "Boowhan" means and refers to the Boowhan Corporation, a defendant in the Action, and each of its principals, agents, representatives, contractors, subcontractors, joint venturers, attorneys, employees, subsidiaries, parents, affiliates, shareholders, members, directors, officers, predecessors, successors, assigns, and including but not limited to Boowhan Cho (a.k.a. Boo Whan Choo and Bo Whan Choo), Oksoon Cho (aka Ok Soon Cho), Cathy Lee (aka Cathy Cho), and Linda Ellis, Norge Village Cleaners, Debbie Cho, and Boowhan Corporation dba Norge Village (aka Norge Village Cleaners).

C.     "Claims" means any cause of action, including but not limited to any and all claims, legal theories, counterclaims, cross-claims, third-party claims, actions, demands, rights, liabilities, affirmative defenses and/or obligations of every kind and nature, including actual or alleged personal injury, bodily injury, property damage, and/or notices of partial or total responsibility (including potential responsible party or "PRP" notices) by any person, entity of any kind, or by any Regulatory Agency, whether known or unknown, past, present, or future, suspected or unsuspected, liquidated or unliquidated for:

SETTLEMENT AGREEMENT AND RELEASE

        i.      any past, present, or future fees, attorneys' fees, costs, expenses, and liabilities incurred or which may be incurred for testing, investigating, remediating, removing, neutralizing, detoxifying, monitoring, containing, cleaning up, treating, mitigating, or in any way responding to Environmental Contamination;

        ii.      any past, present or future Regulatory Agency, or other governmental or quasi-governmental agencies' requests, demands, directives, claims, suits, or orders relating to the investigation or remediation of Environmental Contamination;

        iii.      lost profits, lost rental income, diminution in property value, stigma damages, economic loss, loss of use, damages related to inability to resell; and/or

        iv.      bad faith or extra contractual damages.

    D.     "Court" means the United States District Court for the Northern District of California.

    E.     "Effective Date" means the date upon which this Agreement has been executed by all Parties.

    F.     "Environmental Contamination" means Hazardous Substances, including without limitations, those substances commonly associated with dry cleaning operations (specifically, perchloroethylene, aka "PCE" or "perc," and its degradation products) in, at, under, in the vicinity of, or emanating from the Herbert Property or Tarob Property, or stemming, directly or indirectly, from the dry cleaning business or any other business associated with the Herbert Property, or alleged activities by the Parties at, from, or in the vicinity of the Site, including any alleged actions required to investigate, remediate, address, respond to, mitigate, monitor, and/or which are actually or allegedly causing and/or threatening to cause damage to human health and/or environment, to Plaintiff's property, any surface water, ground water, water, drinking water supply, soil, air (indoor and otherwise), vapor, land surface, or subsurface strata.

    G.     "Hazardous Substances" means any hazardous waste, solid waste, hazardous material, or hazardous substance as defined in any federal, state or local statute, ordinance, rule, or regulation including without limitation:

SETTLEMENT AGREEMENT AND RELEASE

   i.  the substances included within the definition of the term "hazardous substance" under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9601(14), and regulations promulgated thereunder, as amended;

   ii.  the substances included within the definition of the term "hazardous substance" under the California Hazardous Substance Account Act, California Health and Safety Code § 25300 *et seq.*, and regulations promulgated thereunder, as amended;

   iii.  any "pollutant or contaminant" under section 101(33) of CERCLA, 42 U.S.C. § 9601(33);

   iv.  any "solid waste" under section 1004(27) of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6903(27); and

   v.  any "hazardous waste" or "extremely hazardous waste" under 22 California Code of Regulations section 66600 *et seq.*

   H.  "Herbert" means and refers to William A. Herbert, as Trustee of the Herbert Family Living Trust as a defendant in the Action, and all past, present and future owners of the Herbert Property and their respective trustees, heirs, beneficiaries, principals, agents, representatives, contractors, subcontractors, joint venturers, attorneys, employees, subsidiaries, parents, affiliates, shareholders, members, directors, officers, predecessors, successors, assigns, and including but not limited to: Mabel Leggett; Elizabeth L. Herbert; Charles D. MacNeill; Alden L. Herbert and Elizabeth L. Herbert, Trustees of Herbert Family Trust dated October 23, 1989; Patricia (Gardner) Nash; Jeri Shankland; James Leggett; Elizabeth L. Herbert, Trustees of Elizabeth Herbert Trust dated October 2, 1995; William A. Herbert; Jean E. Jubb; William A. Herbert and Gayle D. Herbert, co-trustees of the Herbert Family Revocable Living Trust, dated March 20, 2012; Gayle D. Herbert; Survivor's Trust Under The Guy And Patricia Nash Family Trust, dated August 25, 2012; and James W. Leggett, Trustee of the James W. Leggett Revocable Separate Property Trust, dated August 4, 2015.

   I.  "Regulatory Agency" means any federal, state, regional, county or local governmental body, agency, or department with jurisdiction over issues relating to Hazardous

SETTLEMENT AGREEMENT AND RELEASE

Substances at the Site, including but not limited to the California Regional Water Quality Control Board, San Francisco Bay Region.

J.     "Site" refers to and means any real property, building, facility, or the environment, including but not limited to soil, groundwater, vapor, air, and any other location at which Hazardous Substances or Environmental Contamination actually or allegedly have, may come to be located, or may threaten to become located at, under, on, within, and/or emanating, directly or indirectly, from: (1) the Herbert Property; (2) the dry cleaning business (commonly known as California Avenue Norge Village or Norge Laundry & Cleaning Village) and any other business which was located at the Herbert Property; (3) the Tarob Property; and/or (4) alleged activities by the Parties, their representatives, administrators, trustees, vendors, project managers, and/or consultants at, in the vicinity of, or emanating to or from the Herbert Property and/or the Tarob Property.

K.     "Tarob" means and refers to Tarob M & C Investors, LLC, plaintiff in the Action, and each of its principals, agents, representatives, contractors, subcontractors, joint venturers, attorneys, employees, subsidiaries, parents, affiliates, shareholders, members, directors, officers, predecessors, successors, and assigns.

2.     Settlement Payment

A.     Within ten (10) business days after entry of a court order finding: (1) the Parties' settlement to be in "good faith," as that term is recognized by California Code of Civil Procedure § 877 & § 877.6; and (2) barring claims against Defendants in the Action, as well as any other proceeding, Defendants shall pay to Tarob, pursuant to the terms and conditions of this Agreement, the sum of $190,000. These "Settlement Payments," in connection with the other consideration in this Agreement is to address Tarob's and Defendants' alleged Claims. This Agreement, and the documents referred to herein, shall be governed by, construed and interpreted in accordance with the laws of the State of California without regard to California choice-of-law principles. As set forth in Section 3 of this Agreement, this Agreement as well as the Settlement Payments are expressly conditioned on the Court granting the Parties' joint motion for good faith settlement and bar order.

SETTLEMENT AGREEMENT AND RELEASE

B.     Defendants' Settlement Payment shall be made by wire or cashier's check payable to the Silicon Valley Law Group Trust Account.

C.     Within five (5) business days after receipt of the complete Settlement Payment from Defendants, Tarob shall dismiss with prejudice its complaint in its entirety against Defendants (Case No. 5:14-CV-04291). The draft dismissal, attached hereto as **Exhibit A**, is approved by the Parties as to form and shall be filed as indicated above.  Within two (2) business days after the filing of Tarob's dismissal of its complaint against Defendants, Defendants, and each of them, shall dismiss, with prejudice, their counter-claim, in its entirety, against Tarob.

D.     The dismissal of Defendants and the dismissal of Tarob with prejudice shall specify that the Parties shall each bear their own costs and attorneys' fees in the Action as between the settling Parties.

3.     <u>Agreement Contingent upon Good Faith Approval</u>.

A.     <u>Conditions Precedent</u>.  This Agreement is contingent upon entry of an order by the Court determining that the settlement embodied herein is "in good faith" within the meaning of California Code of Civil Procedure sections 877 and 877.6, Section 4 of the Uniform Contribution Among Tortfeasor Act, RCRA, and federal common law, and barring all contribution and indemnity claims against each Party to this Agreement, except as otherwise specified herein, for fees, costs, or damages arising from Environmental Contamination at the Site, to the extent allowed by law.  Pursuant to California Code of Civil Procedure section 664.6, this Agreement is also contingent upon the Court retaining jurisdiction over this matter to resolve any and all disputes that arise under this Agreement between the Parties.

B.     <u>Schedule for Filing Good Faith Motion</u>.  Within ten (10) business days of the Effective Date of this Agreement, Defendants shall prepare and circulate to each of the Parties to this Agreement a draft of a motion for the good faith order described in Section 3.A.  Tarob shall provide comments, if any, with regard to Defendants' draft motion for good faith approval within seven (7) business days of receipt.  Defendants work with Tarob in good faith to incorporate requested modifications to the draft good faith motion and shall file the good faith motion by February 10, 2017.  Tarob shall file a joinder in such motion so long as the motion is consistent

SETTLEMENT AGREEMENT AND RELEASE

with this Agreement. If Defendants fail to file the good faith motion by February 10, 2017, then the contingency related to the good faith approval of the Agreement in Section 3.A above shall be deemed waived by Defendants. In such an event, all dates within this Agreement which run from the Court Approval shall run from February 11, 2017 as the new Effective Date of this Agreement. However, any such waiver of the contingency by any of the Parties to this Agreement shall not prevent any Party to the Agreement from seeking a good faith determination at a later time.

4.     Mutual Release.

       A.     In consideration of the Parties' payments as provided in Section 3.A, except as set forth below Section 4.B, each of the Parties, on their own behalf and on behalf of their past, present and future associates, companies, parents, parent companies, subsidiaries, predecessors, affiliates, affiliated companies, shareholders, owners, members, officers, directors, trustees, heirs, spouses, beneficiaries, partners (limited and general), managers, supervisors, employees, representatives, agents, attorneys, successors and assigns, releases each of the other Parties and their respective past, present and future associates, companies, parents, parent companies, subsidiaries, predecessors, affiliates, affiliated companies, shareholders, owners, members, officers, directors, trustees, heirs, spouses, beneficiaries, partners (limited and general), managers, supervisors, employees, representatives, agents, attorneys, insurers, successors and assigns from any and all claims, whether asserted or unasserted (including, without limitation, all contribution claims), losses, demands, causes of action, obligations, damages, injuries, liens, costs, expenses, penalties, fees, and liabilities, whether contractual, statutory, equitable or under common law, whether known or unknown, whether accrued or unaccrued, and including Claims for injunctive relief as well as Claims for monetary relief of any kind whatsoever (collectively "Released Claims") arising from or related to the Action, Environmental Contamination at and/or emanating from the Site including, without limitation, any Claims that were or could have been alleged and/or brought in the Action, including any such claims for any fees, costs, or damages incurred in the future.

       B.     Notwithstanding the foregoing, nothing in Section 4.A or Section 5 shall release the Parties from their obligations under this Agreement.

SETTLEMENT AGREEMENT AND RELEASE

5.     Uncertainty of Facts and Law and Waiver of Civil Code Section 1542.   Each Party acknowledges that there is a risk that, subsequent to the execution of this Agreement, it may incur, suffer, or sustain an injury, loss, damages, costs, attorneys' fees, expenses, or any of these, which relate to the Claims, the Action, or Hazardous Substances associated with dry cleaning operations in, at or emanating from the Site, which are unknown and unanticipated at the time this Agreement is signed, or which are not presently capable of being ascertained, and further that there is a risk that such damages as are known may become more serious than the Parties now expect or anticipate. The Parties further recognize that the law may change or their respective legal rights or remedies may change. Nevertheless, each of the Parties hereto acknowledges that this Agreement has been negotiated and agreed upon in light of these uncertainties and hereby expressly waive any rights that each Party may have in such unsuspected claims, rights, or damages except as provided in this Agreement.  In doing so, each Party has had the benefit of legal counsel and has been advised of, understands, and knowingly and specifically waives its rights, except as otherwise provided in this Agreement, under California Civil Code section 1542, which provides as follows:

> **A general release does not extend to the claims which the creditor does not know or suspect to exist in his or her favor at the time of executing a release which, if known by him or her, must have materially affected his or her settlement with the debtor.**

It is further acknowledged that nothing in this Agreement shall be construed to waive, release or otherwise prevent or restrict the ability of the Parties to enforce the terms and conditions of this Agreement.

6.     Limited Release and No Release for Third Parties.

       A.     Except as expressly provided within this agreement, nothing in this Agreement shall be construed to waive or release any Claims that any Party may have against any person or entity not a Party to this Agreement. The Parties agree that nothing in this Agreement is intended to be, nor shall anything in this Agreement be construed as, a release or waiver of any Claim or cause of action or as a covenant not to sue to any person or entity not a party to this Agreement. Nothing in this Agreement shall in any way limit, restrict, or impair the rights of the Parties to assert claims and defenses against any persons or entities who are not parties to this Agreement. Nothing in this Agreement is intended as, should be construed as, or may be argued by any Party

SETTLEMENT AGREEMENT AND RELEASE

to this Agreement or non-party to be, a release or covenant not to sue for any Claim or cause of action, administrative or judicial, civil or criminal, past or future, in law or in equity, which any of the Parties may have against any person, firm, corporation, or other entity not a party to this Agreement. The Parties to this Agreement do not intend to create any third party beneficiaries by this Agreement and agree that there are no third party beneficiaries to this Agreement.

B.    The releases in this Agreement resolve disputes only as they relate to the Action and the Environmental Contamination. The personnel responsible for this settlement have made no attempt to determine what other rights, duties, contracts, or relationships may exist between the Parties that are unrelated to the Action and the Environmental Contamination. The releases given herein, to the extent they may involve parties with ongoing contractual relationships, are not intended to, and do not, alter those contractual relations or any rights and obligations under those contracts which are not expressly released herein.

7.    <u>Miscellaneous Provisions</u>.

A.    <u>No Admission of Liability</u>. This Agreement resolves claims which are denied and disputed by the Parties to this Agreement. Nothing contained in this Agreement is intended to constitute an admission of liability on the part of any Party, nor is any provision of this Agreement intended to constitute an admission that any claim of any Party has or lacks merit. This Agreement may be used or disclosed to enforce or comply with the terms and conditions of this Agreement.

B.    <u>Non-Disparagement</u>. The Parties shall not, directly or indirectly, make any negative or disparaging statements against each other maligning, ridiculing, defaming, or otherwise speaking ill of each other, or their business affairs, practices or policies, standards, or reputation (including but not limited to statements or postings harmful to business interests, reputation or good will) either: (1) in writing; or (2) verbally: (a) on any internet based social media, (b) on any internet website or blog, (c) to the media, including persons and/or entities engaged in radio, television or internet broadcasting, or (d) to persons or entities that gather or report information on trade and business practices or reliability, which relate to this Agreement, the allegations made in this Action, or any matter covered by the releases in this Agreement. Nothing in the Agreement shall, however, be deemed to interfere with each Party's obligation to report transactions with appropriate governmental, taxing and/or registering agencies.

SETTLEMENT AGREEMENT AND RELEASE

C.    No Tax Advice.  None of the Parties have received or relied on any representation or advice by any other Party or its attorneys in connection with the tax consequences of this Agreement, and none of the Parties or their attorneys have made, or do make, any such representations.  Each of the Parties agrees to bear sole responsibility for payment and reporting of any and all taxes that may be owed by it as a result of the settlement reflected in this Agreement.

D.    Warranty of Authority.  Each signatory to this Agreement represents and warrants that it has full authority to make this Agreement on behalf of each Party for whom/which (s)he signs.

E.    Integration.  This Agreement constitutes the entire agreement between the Parties relating to this subject matter, and its terms are contractual, not mere recitals.  Except as specifically provided in this Agreement, this Agreement supersedes all prior or simultaneous representations, discussions, negotiations, and agreements, whether written or oral.  The Parties acknowledge that there have been no inducements or representations upon which any of the Parties have relied entering into this Agreement, except as expressly set forth in this Agreement.

F.    Construction.  Each Party acknowledges that it and its counsel have reviewed and had the opportunity to revise this Agreement and that the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement or any amendment or exhibits hereto.  Each of the Parties agrees that this Agreement has been negotiated at arm's-length by parties of equal bargaining power, and each of the Parties declares and is satisfied that it was represented by competent counsel of its own choosing.  The Parties further acknowledge that the obligations and releases herein described are in good faith and are reasonable in the context of the matters released.

G.    Waiver of Attorneys' Fees and Costs.  Except as otherwise provided in this Agreement, each Party shall bear its own costs, expenses and attorneys' fees arising out of or connected with the Action and administrative orders and any negotiation, drafting, implementation, execution and judicial approval of this Agreement.

H.    Amendment or Modification.  This Agreement may be amended or modified only by written instrument signed by all Parties or their successors in interest.

SETTLEMENT AGREEMENT AND RELEASE

I.       Inaccuracies.  No inaccuracies in the recitals hereof shall in any way affect the validity and/or enforceability of this Agreement.

J.       Voluntary Agreement.  Each Party acknowledges that it has read this Agreement and is fully aware of the contents of this Agreement and its legal effect. This Agreement is entered into voluntarily and without any coercion by or undue influence on the part of any person, firm, or corporation.

K.      Independent Legal Advice and Investigation.  Each Party acknowledges that it has made such investigation of the facts pertaining to this Agreement and all matters contained herein as it deems necessary, desirable, or appropriate. In entering into this Agreement, each Party acknowledges that it has received independent legal advice from its own counsel and has relied on its own investigation and upon the advice of its own attorney with respect to the advisability of making the settlement provided in this Agreement.

L.       Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all such counterparts taken together shall be deemed to constitute one and the same instrument. This Agreement is not and shall not be effective, however, unless and until each Party executes the original or a counterpart. Facsimile or electronic copies of signatures have the same force and effect as the originals.

M.      Breach of Agreement.  No waiver or indulgence of any breach or series of breaches of this Agreement shall be deemed or construed as a waiver or any other breach of the same or any other provisions hereof nor affect the enforceability of any part or all of this Agreement, and no waiver shall be valid unless executed in writing by the waiving Party. Each Party agrees that if it breaches any representation or warranty expressly stated in this Agreement, it will indemnify and hold harmless the other Parties from the consequences of that breach.

N.      Attorneys' Fees.  In the event of any legal action to enforce this Agreement, the prevailing Party shall be entitled to all reasonable fees and costs, including attorneys' fees, costs, and expenses.

O.      Binding Effect of Agreement.  Except as otherwise specifically provided herein, this Agreement is and shall be binding upon and shall inure to the benefit of the Parties.

SETTLEMENT AGREEMENT AND RELEASE

P.      Exhibits and Attachments.  The Exhibits attached hereto are hereby incorporated herein by this reference for all purposes and as if set forth in full.

Q.      Controlling Law.  This Agreement has been negotiated and entered into in the State of California involving real property within this state. The Parties agree that this Agreement shall be governed by and construed in accordance with, the laws of the State of California.  No Party shall argue or assert that any law other than California law applies to the governance or construction of this Agreement.

R.      Agreement to Cooperate and Execute Documents.  The Parties represent, warrant and agree to execute all documents and to do all things reasonably necessary to fully execute the terms of this Agreement.

S.      Effect of Partial Invalidity.  If any term or provision of this Agreement is found to be invalid, in violation of public policy, or unenforceable to any extent, such finding shall not invalidate any other term or provision of this Agreement, and such other terms and provisions shall continue in full force and effect. The Parties understand, intend, and agree that this Agreement and each of the terms, covenants, and provisions of this Agreement shall be enforced to achieve the purpose of this Agreement. If any part of this Agreement is found invalid or unenforceable, that part will be amended to achieve as nearly as possible the same economic effect as the original provision and the remainder of this Agreement will remain in full force.

T.      Headings or Captions.  The paragraph and other headings or captions used herein are of no legal significance or consequence. Such headings are merely for ease of reference and are not intended to alter, impact, or in any way amend the language within the paragraphs of this Agreement. Such headings or captions are not to be construed as part of the Agreement nor as a full or accurate description of the terms therein.

U.      Notice.  All notices or other communications that any Party desires or is required to give shall be given in writing and shall be deemed to have been given if hand delivered, sent and confirm by facsimile, sent and received by e-mail, or mailed by depositing in United States mail prepaid to the Party at the address noted below or such other address as a Party may designate in writing from time to time:

SETTLEMENT AGREEMENT AND RELEASE

Herbert Trust                          William Herbert
                                       As Trustee for the Herbert Trust
                                       17255 Calle Mazatan
                                       Morgan Hill, CA 95037

With a Copy To:                        John R. Till, Esq.
                                       Paladin Law Group® LLP
                                       1176 Boulevard Way
                                       Walnut Creek, CA 94945
                                       Telephone:  (925) 947-5700
                                       Facsimile:  (925) 935-8488
                                       jtill@PaladinLaw.com

To Boowhan:                            Linda Ellis
                                       240 California
                                       Palo Alto, CA 94301

With a Copy To:                        John R. Till, Esq.
                                       Paladin Law Group® LLP
                                       1176 Boulevard Way
                                       Walnut Creek, CA 94945
                                       Telephone:  (925) 947-5700
                                       Facsimile:  (925) 935-8488
                                       jtill@PaladinLaw.com

To Tarob:                              Mark Conroe
                                       Tarob M&C Investors, LLC
                                       3609 Buchanan Street
                                       San Francisco CA 94123
                                       (415) 431-6506
                                       mark@presidiodp.com

With a Copy To:                        Jeffrey S. Lawson
                                       Silicon Valley Law Group
                                       50 West San Fernando Street, Suite 750
                                       San Jose, CA  95113-2434
                                       408-573-5700
                                       (Fax) 408-573-5701
                                       jsl@svlg.com

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the
dates below.

Page 15 of 16

SETTLEMENT AGREEMENT AND RELEASE

THE UNDERSIGNED PARTIES ENTER INTO THIS AGREEMENT:

| | |
|---|---|
| Tarob M & C Investors, LLC<br><br>By:_____<br>Mark Conroe,<br>Managing Member<br>Date: January __27__, 2017 | William A. Herbert, as Trustee of the Herbert Family Living Trust<br><br>By:_____<br>William A. Herbert<br>Trustee of the Herbert Family Living Trust<br><br>Date: January ___, 2017 |
| Boowhan Corporation dba Norge Village<br><br>By:_____<br>Linda Ellis<br><br>Date: January ___, 2017 | |
| Approved as to form by:<br><br>**Silicon Valley Law Group**<br><br>By:_____<br>Jeffrey S. Lawson<br>Attorney for Tarob<br><br>Date: January __2__, 2017 | Approved as to form by:<br><br>**Paladin Law Group® LLP**<br><br>By:_____<br>John R. Till<br>Attorney for Herbert and Boowhan<br><br>Date: January ___, 2017 |

SETTLEMENT AGREEMENT AND RELEASE

THE UNDERSIGNED PARTIES ENTER INTO THIS AGREEMENT:

| | |
|---|---|
| Tarob M & C Investors, LLC<br><br>By:_____<br>Mark Conroe,<br>Managing Member<br>Date: January ___, 2017 | William A. Herbert, as Trustee of the Herbert Family Living Trust<br><br>By:_____<br>William A. Herbert<br>Trustee of the Herbert Family Living Trust<br><br>Date: January ___, 2017 |
| Boowhan Corporation dba Norge Village<br><br>By: _Linda Ellis_ (signature)<br>Linda Ellis<br>Date: January 26, 2017 | |
| | |
| Approved as to form by:<br><br>**Silicon Valley Law Group**<br><br>By:_____<br>Jeffrey S. Lawson<br>Attorney for Tarob<br><br>Date: January ___, 2017 | Approved as to form by:<br><br>Paladin Law Group® LLP<br><br>By: _(signature)_<br>John R. Till<br>Attorney for Herbert and Boowhan<br><br>Date: January 30, 2017 |

SETTLEMENT AGREEMENT AND RELEASE

THE UNDERSIGNED PARTIES ENTER INTO THIS AGREEMENT:

| | |
|---|---|
| Tarob M & C Investors, LLC<br><br>By:_____<br>Mark Conroe,<br>Managing Member<br>Date:  January ___, 2017 | William A. Herbert, as Trustee of the Herbert Family Living Trust<br><br>By: *William A. Herbert*<br>William A. Herbert<br>Trustee of the Herbert Family Living Trust<br><br>Date: January 27, 2017 |
| Boowhan Corporation dba Norge Village<br><br>By:_____<br>Linda Ellis<br>Date:  January ___, 2017 | |
| Approved as to form by:<br><br>**Silicon Valley Law Group**<br><br>By:_____<br>Jeffrey S. Lawson<br>Attorney for Tarob<br><br>Date:  January ___, 2017 | Approved as to form by:<br><br>**Paladin Law Group® LLP**<br><br>By:_____<br>John R. Till<br>Attorney for Herbert and Boowhan<br><br>Date:  January ___, 2017 |

EXHIBIT A

John R. Till      SBN 178763  JTill@PaladinLaw.com
Kirk M. Tracy  SBN 288508  KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
1176 Boulevard Way
Walnut Creek, CA  94595
Telephone: (925) 947-5700
Facsimile:  (925) 935-8488

Counsel for Defendants
The Herbert Family Living Trust, and
Boowhan Corporation dba Norge Village

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TAROB M&C INVESTORS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM A. HERBERT, as trustee of the Herbert Family Living Trust; BOOWHAN CORPORATION dba Norge Village, a California corporation; and DOES 1–50, inclusive,<br><br>Defendants. | Case No. 5:14-cv-04291-HRL<br><br>**STIPULATION OF DISMISSAL OF ALL COMPLAINTS, COUNTER COMPLAINTS, CLAIMS AND COUNTERCLAIMS WITH PREJUDICE BETWEEN PARTIES TO THIS STIPULATION AND PARTIES TO BEAR THEIR OWN FEES AND COSTS RELATED TO THIS ACTION**<br><br>FRCP 41(a)(1)<br><br>Action filed: September 23, 2014<br>Third-Party Complaint filed: April 5, 2016<br>Trial date: none set |
| AND RELATED THIRD-PARTY CLAIMS AND COUNTERCLAIMS | |

IT IS HEREBY STIPULATED, via their attorney of record, by and between Plaintiff and Counter-Defendant Tarob M&C Investors, LLC, a California limited liability company ("Plaintiff"), on the one hand, and the Defendants William A. Herbert, as trustee of the Herbert Family Living Trust and Boowhan Corporation dba Norge Village (collectively, "Defendants" and "Counter-Plaintiff"), on the other hand, that all complaints, cross complaints, claims, cause of action, and counter complaints asserted by and between the Plaintiff and Defendants shall be, and hereby are, dismissed from the above-captioned action with prejudice pursuant to FRCP 41(a)(1);



1        IT IS FURTHER HEREBY STIPULATED by and between the parties to this stipulation

2   that each party to this stipulation and dismissal with prejudice is to bear their own fees and costs

3   related to this action.

4   DATED: _____, 2017       PALADIN LAW GROUP® LLP

5                         By:   /s/  *John R. Till*

6                             John R. Till
                          Counsel for Defendants/Third-Party Plaintiffs

7                             William A. Herbert, as trustee of the
                          Herbert Family Living Trust, and

8                             Boowhan Corporation dba Norge Village

9   DATED: _____, 2017       SILICON VALLEY LAW GROUP

10                        By:   /s/  *Jeffrey S. Lawson*

11                            Jeffrey S. Lawson

12                            Counsel for Plaintiff Tarob M & C
                          Investors, LLC

