E-filed 3/23/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAROB M&C INVESTORS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BOOWHAN CORPORATION, et al.,<br><br>    Defendants. | Case No.14-cv-04291-HRL<br><br>**ORDER GRANTING APPLICATION FOR GOOD FAITH SETTLEMENT DETERMINATION**<br><br>Re: Dkt. No. 110 |

Plaintiff Tarob M&C Investors, LLC ("Tarob") and Defendants William Herbert, as trustee of the Herbert Family Living Trust ("Herbert"), and Boowhan Corporation, dba Norge Village ("Boowhan") (collectively, "Defendants") have settled the claims between them and apply to the court for an order determining that their settlement was made in good faith pursuant to California Code of Civil Procedure Section 877.6. For the reasons described below, the court grants the motion for a good faith settlement determination.

## BACKGROUND

Tarob purchased property on Palo Alto's California Avenue in 2011. Dkt. No. 45, ¶¶ 9, 10. Next door, Herbert owns property that is currently leased to Boowhan, which is operating a drycleaner on that location. *Id.*, ¶ 11. Herbert and Boowhan's predecessors operated drycleaning establishments, as well. *Id.*, ¶ 15.

Tarob alleges that the drycleaners have used hazardous substances that contaminated the soil under both properties and claims that it incurred costs related to testing the soil and remediating the contamination. *Id.*, ¶¶ 15, 19. Tarob's Second Amended Complaint alleges claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and the California Hazardous Substance Account Act ("HSAA"); as well as claims for trespass, nuisance, and negligence. Dkt. No. 45. Defendants deny that there is contamination

and argue that their own testing revealed their compliance with applicable standards. Dkt. No. 110, Till Decl., ¶ 9. Defendants also counterclaimed against Tarob for, *inter alia*, contribution, trespass, abatement of a private nuisance, negligence, and breach of contract. Dkt. No. 49. Finally, Defendants have filed a third-party complaint alleging numerous claims against various third-party defendants, each of whom were past owners or operators of the drycleaning establishment. Dkt. No. 60. Only two third-party defendants, Michael and Diane Teehan, have filed answers. Dkt. No. 74.

In January 2016, Plaintiff and Defendants informed the court that they had agreed on a settlement. Dkt. No. 107. One month later, Defendants filed an ex parte application for a good faith settlement determination pursuant to California Code of Civil Procedure Section 877.6. Dkt. No. 110. Defendants served the application upon potentially interested non-parties, and none of the non-parties (and no parties to this action) filed objections. Dkt. No. 113.

**LEGAL STANDARD**

District courts may decide motions requesting early determinations of whether settlement agreements are made in good faith. *Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.3d 505, 511 (9th Cir. 1990). California law bars tortfeasors who have been released in good faith before a verdict from all liability for contribution to other joint tortfeasors claimed to be liable for the same tort. Cal. Civ. Proc. Code § 877; *Schaeffer v. Gregory Village Partners, L.P.*, No. 13-cv-04358-JST, 2015 WL 5316357, at *2 (N.D. Cal. Sep. 11, 2015). To protect joint tortfeasors who are not parties to a settlement involving such a release, the court must determine that the settlement agreement has been entered in good faith before it can become final. Cal. Civ. Proc. Code § 877.6. "When a settlement is determined to have been made in good faith, further negligence-based equitable contribution or comparative indemnity claims against settling parties are barred 'so long as the other tortfeasors were given notice and an opportunity to be heard.'" *PAG-Daly City, LLC v. Quality Auto Locators, Inc.*, No. C 12-3907 WHA, 2014 WL 807415, at *1 (N.D. Cal. Feb. 27, 2014) (quoting *Gackstetter v. Frawley*, 135 Cal. App. 4th 1257, 1273 (2006)).

In determining whether a settlement is made in good faith pursuant to Section 877.6, the court weighs the factors described in *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*; however, if

"no party objects to the proposed settlement, the court may bypass the *Tech-Bilt* factors and enter a finding of good faith when presented merely with 'the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case.'" *Schaeffer*, 2015 WL 5316357, at *2 (quoting *City of Grand Terrace v. Superior Court of San Bernadino Cnty.*, 192 Cal. App. 3d 1251, 1261 (1987)); *PAG-Daly City, LLC*, 2014 WL 807415, at *1-2.

## DISCUSSION

The court has reviewed the application and the supporting declaration. The only non-settling parties to this litigation, third-party defendants Michael Teehan and Diane Teehan, received electronic notice of the application upon its filing. Moving defendants further provided notice via certified mail to three non-parties. More than 25 days have passed since the mailing of the notice, and no parties or non-parties have objected to the application. Because the motion is uncontested, it is unnecessary to weigh the *Tech-Bilt* factors. The application is therefore granted.[1]

## CONCLUSION

For the reasons explained above, the court grants the unopposed motion for determination

---

[1] All parties that have appeared in this action have consented to magistrate judge jurisdiction. Dkt. Nos. 6, 22, 35, 103. The court further concludes that consent is not needed from the non-parties served with notice of Defendants' application. In the Ninth Circuit, to determine whether a motion that is not listed in 28 U.S.C. § 636 is dispositive (and thus whether a magistrate requires consent to decide it), the court adopts "a functional approach that look[s] to the effect of the motion, in order to determine whether it is properly characterized as 'dispositive or non-dispositive of a claim or defense of a party.'" *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015) (quoting *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004)) (internal quotation marks omitted). The effect of a good-faith settlement determination is to bar claims from non-settling *parties* (here, the Teehans, who have consented) and from *non-parties* that have been served with notice of the application. Though the members of the latter group have not consented to magistrate judge jurisdiction, they are not parties to this suit. Thus, the court's good faith settlement determination, even though it may dispose of the non-parties' potential contribution claims, does not dispose of a claim or defense "of a party." This situation is analogous to a motion to intervene. There, the court does not need consent, because the would-be intervenor is not a party. *See Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681 (9th Cir. 2016).

1  of good faith settlement.  As a result, pursuant to California Code of Civil Procedure section
2  877.6(c), the parties to the settlement are entitled to contribution protection from all parties to this
3  action and all non-parties who received constitutionally sufficient notice (including the non-
4  appearing third-party defendants, who were served with the third-party complaint and thus
5  "brought into the litigation" prior to the settlement, *see Singer Co. v. Superior Court*, 179 Cal.
6  App. 3d 875 (1986)).  *See City of Emeryville v. Robinson*, 621 F.3d 1251, 1265-66 (9th Cir. 2010);
7  *PAG-Daly City, LLC v. Quality Auto Locators, Inc.*, No. C 12-3907 WHA, 2014 WL 807415, at
8  *1 (N.D. Cal. Feb. 27, 2014) (quoting *Gackstetter v. Frawley*, 135 Cal. App. 4th 1257, 1273
9  (2006)).

**IT IS SO ORDERED.**

Dated: 3/23/2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

4